STATE *v.* LEON O. ELLARD.

218

*Gordon M. Tiffany*, Assistant Attorney General, and *Wyman P. Boynton*, Solicitor (*Mr. Boynton* orally), for the State.

*William H. Sleeper* and *Robert Shaw* (*Mr. Sleeper* orally), for the respondent.

BLANDIN, J. The respondent contends that the indictment was faulty, first, because it does not set out that the respondent was "the officer, agent, or servant of a corporation, public or private, or the clerk, servant or agent of a person within the meaning of R. L., c. 450, s. 28," and secondly, he objects because it does not "fully and plainly, substantially and formally," describe the crime of which he is accused. Both these exceptions are overruled. The State Liquor Commission created by R. L., c. 170, and for which the defendant worked, is in effect a State agency and a part of the State government. *St. Regis Co.* v. *Board,* 92 N. H. 164, 166, 167. The State itself is a body politic. Const., Pt. II, *Art.* 1. Under the provisions of R. L., c. 7, s. 9, the word person may "extend and be applied to bodies . . . politic as well as to individuals." *Dinnin* v. *Hutchins,* 75 N. H. 470, 471. All monies and property in possession of the commission or its employees belong to the State which the commission and its employees serve and to which they are responsible. It may fairly be said that the Commission in the realm of facts "has but imaginary existence apart from that of the State itself" and that the respondent was a servant of the State. See *St. Regis Co.* v. *Board, supra.* This is in keeping with the facts of the situation and consistent with the comprehensive construction which our decisions hold should be given to R. L., 450, s. 28, *State* v. *Barter,* 58 N. H. 604, 605.

The indictment is proper under our laws. It is in the usual form and sets forth the crime " 'with sufficient definiteness' so that he can prepare for trial." *State* v. *Rousten,* 84 N. H. 140, 143. This is all the information to which the accused is entitled. *State* v. *Langelier, ante,* 97, and cases cited; *State* v. *Clapp,* 94 N. H. 62; *State* v. *Fogg,* 92 N. H. 308, 309. The defendant's argument confuses evidence tending to show a series of petty arrearages for some months prior to July 28, 1947, which indicated his intent to commit the offense, with the crime itself. Upon analysis it appears the respondent really objects because the indictment did not tell him how the State was to prove its case. He was not entitled to this information and the testimony, to the admission of which he excepted, was competent to show his intent and the system by which he effected it. *State* v. *Skaff,* 94 N. H. 402, 405, and cases cited; *State* v. *Hinton,* 84 N. H. 75, 79, 2 Wig. Ev. (3d. ed.), ss. 329, 331.

The respondent's exceptions to the opening statement of the Solicitor appear to raise no substantial questions. There is no indication that any general statement made by the Solicitor, and which might be construed as stating his belief, was prejudicial as a matter

of law and the Court in his instructions which the jury are presumed to follow (*State* v. *Slocinski*, 89 N. H. 262, 267, and cases cited) made it plain to them that the Solicitor's beliefs were to be disregarded. A thorough examination of the opening statement reveals no grounds for a new trial.

The bulk of the exceptions to evidence seem to be directed to testimony indicating petty arrearages and "kiting" over a period of nearly two years prior to July 28, which were introduced to show design on the part of the accused. It is well settled law in this State that such evidence is competent for this purpose. *State* v. *Skaff*, *supra*, *State* v. *Hinton*, *supra*, 2 Wig. Ev. (3d *ed.*), *ss.* 329, 331.

Exceptions were also taken to testimony introduced by the State through a witness Robert J. Hart, director of audits, accounts and merchandise of the State Liquor Commission, as to what certain audits showed. The evidence was competent to explain a somewhat complicated system by the man who had charge of it and if it may be regarded as an opinion it seems it was clearly within the Court's discretion to admit it. *Dowling* v. *Shattuck*, 91 N. H. 234; *State* v. *White*, 91 N. H. 109. Furthermore it was supplemented by testimony of a store auditor who actually did the work in the field, which is a further reason why the exception fails. *Valleé* v. *Company*, 89 N. H. 285, 290; *Duteny* v. *Company*, 84 N. H. 65, 69. Other opinion evidence was also excepted to on the grounds it invaded the province of the jury, but here, again, there appears no abuse of the Court's discretion and therefore the respondent takes nothing by this exception. *Dowling* v. *Shattuck*, *supra*. A graph made to simplify the complicated and voluminous set of figures for the jury and to serve as a summary, although excepted to by the respondent, offers no grounds for reversal. *Dowling* v. *Shattuck*, *supra*; *State* v. *Labombarde*, 82 N. H. 493, 494; 4 Wig. Ev. (3d. *ed.*), *s.* 1230. The graph also demonstrated the relation between the respondent's repayments on borrowings from sources outside the store with his delay in depositing. No error appears in the admission of this evidence since it had a bearing on his motive and intent and the method by which he effected his object. *State* v. *White*, *supra*, and cases cited; *State* v. *Skaff*, *supra*; *State* v. *Hinton*, *supra*; Wig. Ev., *ss.* 329, 331.

During the trial a state trooper was allowed to testify, subject to exceptions, as to an entry made in the regular course of business in the state police log relative to a telephone call, purportedly from the defendant, reporting the alleged holdup at 1:22 P. M. on July 28. The ground of the objection stated at the trial was that the respon-

dent's voice was not identified. However, there was other evidence that he did call the State Police at Concord around one o'clock. No testimony of any other calls to that office relative to the alleged hold-up appears in the record at about this time and the evidence was plainly competent. The respondent having stated the grounds for his objection at the trial is precluded from relying upon other reasons, though no valid ones appear to exist. *Bean* v. *Insurance Company*, 94 N. H. 342, 344, and cases cited; *State* v. *Belisle*, 79 N. H. 444.

The accused vigorously maintains that his constitutional rights were invaded because the case was tried in part and the verdict rendered by an eleven man jury. However, the Trial Justice found that the respondent with the Court's sanction and by agreement of his counsel and the Solicitor "intelligently" waived his right to a twelve man jury. The law is plain in this state, and we believe by the better authority elsewhere, that this may be done. In *State* v. *Almy*, 67 N. H. 274, 280, it was held that a party may waive a constitutional right provided for his benefit. See also, *Patton* v. *United States* 281 U. S., 276; *Adams* v. *United States*, 317 U. S., 269, 277; *People* v. *Rabin*, 27 N. W. (2d.), Mich. 126, 130, and cases cited. Annotations 70 A. L. R. 279; 105 A. L. R. 1114. The question before us, therefore, is whether the Trial Court's findings can be supported by the evidence. The record discloses that the accused had the assistance not only of a skillful lawyer with years of practice but, that he was a mature, experienced and at least normally intelligent man in his own right. He admittedly noticed the absence of the twelfth juryman on the morning in question and mentioned this to his counsel sitting beside him, who, he says told him that he had agreed in chambers to go on with eleven men. Thereafter his lawyer in the respondent's presence, though the latter does not admit he heard what was said, went to the Court and told the Court relative to this agreement, "Yes our client agrees to that. Defendant agrees to it." This occurred on a Monday morning and the trial went on without objection by anyone until after the jury brought in a verdict of guilty on Saturday. While the better practice, and the one which should be followed in the future, would have been for the Court to interrogate the respondent and obtain a waiver from him personally, no error appears in the procedure followed under the facts existing here. It seems that the defendant, having taken his chances on being acquitted by eleven men and lost, now seeks to try again. The Presiding Justice has found upon sufficient evidence that he should not be allowed to do so and his findings are sustained.

The Court charged the jury in substance that if they believed beyond a reasonable doubt the respondent because of "kiting" had money of the commission in his possession which he fraudulently converted to his own use on July 28, 1947, they should find him guilty. No exception was taken to this portion of the charge and the facts warrant a finding that he did not then have $10,936.95, as he claimed, in his possession. His course of conduct in failing to make deposits up to date over a long period, his failure to make out the customary deposit slip, the fact that he had just received a letter from the commission that his deposits must be kept up to date together with the other surrounding circumstances form a reasonable basis for such a conclusion.

The exceptions to the denial of the motion for a mistrial on the ground that one or more jurors was disqualified, that the jury were influenced by prejudice and that they misconducted themselves, are overruled. The Court has found that none were disqualified, none prejudiced and that there was no misconduct. A careful examination of the record discloses no reason to disturb these findings, which are in effect that the respondent had a fair trial. *State* v. *Hale*, 85 N. H. 403, 413. The denial of the motions that the jury be polled and for a new trial on the ground of newly discovered evidence raises no question for this court, as the record discloses no abuse of discretion by the Trial Justice. *Bogrett* v. *Hromada*, 91 N. H. 351, *Perley* v. *Roberts*, 91 N. H. 254; *Caldwell* v. *Yeatman*, 91 N. H. 150, *Hall* v. *Insurance Company*, 91 N. H. 6. The motion for a mistrial because the verdict was against the law and the evidence has been acted upon adversely by the Trial Court and this ruling appears clearly sustainable. It is enough to state that the circumstances as to the alleged holdup with other facts as set forth above were sufficient to warrant the jury's verdict. *State* v. *Proctor*, 91 N. H. 347, 348, and cases cited. There being no errors discernible in the record the order is

*Exceptions overruled.*

DUNCAN, J. dissented: the others concurred.

DUNCAN, J. *dissenting:* I consider the findings of the Trial Court insufficient to establish that the respondent waived his right to trial by jury by exercising any "informed judgment" in the matter, or that with knowledge of his constitutional right he consented to trial by eleven jurors only. *Adams* v. *United States*, 317 U. S. 269, 277. See

*Patton* v. *United States,* 281 U. S. 276. The evidence would not support such a finding if made. I am therefore of the opinion that a new trial should be ordered.