Request of the Senate
No. 81-196

OPINION OF THE JUSTICES

June 11, 1981

The following request of the Senate for an opinion of the justices was adopted on May 27, 1981, and filed with the supreme court on June 3, 1981:

"Whereas, the Senate has under consideration HB 698 which reduces the number of persons serving on juries in civil cases from 12 to 6; and

"Whereas, some members of the Senate question the constitutionality of certain aspects of the proposed legislation;

"Now, therefore, be it

"Resolved by the Senate;

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following question:

" 'Do any provisions of HB 698 in the form as passed by the House of Representatives violate any provision of the United States Constitution or of the New Hampshire Constitution?'; and

"That the clerk of the Senate transmit copies of this resolution and HB 698 as passed by the House of Representatives, to the Justices of the Supreme Court."

The following answer was returned.

*To the Honorable Senate:*

The undersigned justices of the supreme court reply as follows to your request filed in this court on June 3, 1981.

We need not devote considerable discussion to your inquiry regarding the constitutionality of House bill 698 under the federal constitution. In passing, however, we note that the Justices of the Supreme Court of the United States have expressed divergent views in their individual opinions on the subject matter.

In *Williams v. Florida*, 399 U.S. 78 (1970), the Supreme Court of the United States in considering a Sixth Amendment question sustained a Florida statute providing for the use of unanimous six-member juries in all but capital cases, holding that the twelve-member jury is not a necessary ingredient of a "trial by jury." In *Colgrove v. Battin*, 413 U.S. 149, 159–60 (1973), the Supreme Court of the United States held that a *federal district court* procedural rule providing for six-member juries in civil cases did not violate the Seventh Amendment's guarantee of trial by jury in civil cases.

Since the *Williams supra* and *Colgrove supra* decisions, writings of legal scholars with empirical studies, leading to considerable debate regarding the impact of six-member juries, have been legion. For a listing of several of these articles, *see Ballew v. Georgia*, 435 U.S. 223, 231 n.10 (1978). In *Ballew supra*, the Supreme Court held that a jury of less than six in a criminal trial violated the Sixth and Fourteenth Amendments to the Constitution. When Justice Blackmun wrote the majority opinion in *Ballew*, he had the benefit of the post-*Williams* data, and he discussed several studies that suggested: "that progressively smaller juries are less likely to foster effective group deliberation," and that "[a]t some point, this decline leads to inaccurate fact-finding and incorrect application of the common sense of the community to the facts," 435 U.S. at 232; "that the risk of convicting an innocent person . . . rises as the size of the jury diminishes," *id.* at 234; that "[t]he chance for hung-juries would decline," *id.* at 236; and that "[f]urther reduction in size will erect additional barriers to [minority] representation," *id.* at 237. *See generally* Note, *The Jury Size Question in Pennsylvania: Six of One and a Dozen of the Other*, 53 TEMPLE L. Q. 89, 90 n.5–7 (1980) (discussing studies regarding these problems).

Although Justice Blackmun's majority opinion in *Ballew* expressed these concerns in the context of a decision regarding a further reduction of criminal trial juries from six to five, we note that these problems may also arise in the context of reducing the size of juries in civil cases from twelve to six.

■ Justice Marshall, in a footnote to his dissent in *Colgrove supra*, noted that "the Seventh Amendment is one of the few remaining provisions in the Bill of Rights which has not been held to be applicable to the states" through the Fourteenth Amendment.

413 U.S. at 169 n.4. Accordingly, although House bill 698 might pass muster under the federal constitution, the determination of its propriety falls squarely within this State's power to apply its own constitutional provisions regarding trial by jury. *See First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 622, 602 P.2d 1299, 1302 (1979).

■■ In 1859, the New Hampshire House of Representatives asked the justices of this court whether the legislature had the power to change the law to provide for petit juries numbering less than twelve. In responding to the House of Representatives this court stated:

> "We regard it as a well settled and unquestioned rule of construction that the language used by the legislature, in the statutes enacted by them, and that used by the people in the great paramount law which controls the legislature as well as the people, is to be always understood and explained *in that sense in which it was used at the time when the constitution and the laws were adopted.*"

*Opinion of the Justices*, 41 N.H. 550, 551 (1860). (Emphasis added.) The court examined the meaning of the terms "jury" and "trial by jury" at the time of the adoption of our constitution, concluding that:

> "[W]e are of opinion that no body of less than twelve men, though they should be by law denominated a jury, would be a jury within the meaning of the constitution; nor would a trial by such a body, though called a trial by jury, be such, within the meaning of that instrument. *We think, therefore, that the legislature have no power so to change the law in relation to juries, as to provide that petit juries may be composed of a less number than twelve,* nor to provide that a number of the petit jury, less than the whole number, can render a verdict. . . ."

*Id.* at 552 (emphasis added); *see Copp v. Henniker*, 55 N.H. 179, 193 (1875). We reaffirm this decision, believing that the vitality of its conclusion remains today, especially in light of the number of empirical studies that have questioned the impact of the six-member jury on our court system. We therefore answer your question as it pertains to the New Hampshire Constitution, N.H. CONST., pt. I, art 20, in the affirmative.

Nothing in this opinion is to be construed as preventing parties by stipulation from obtaining a trial with less than twelve jurors

in both civil and criminal cases. We are aware of the existence of RSA 606:8, :9, but these sections have never been before us for our consideration.

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK
JOHN W. KING

June 11, 1981