Belknap
No. 85-517

## The State of New Hampshire

v.

## Paul Hewitt

October 2, 1986

*Stephen E. Merrill*, attorney general (*Andrew W. Serell*, attorney, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

SOUTER, J. The Superior Court (*O'Neil*, J.) denied the defendant's motion to set aside a verdict of guilty rendered by an eleven-person jury panel. In this appeal, the defendant maintains that he did not waive his right to be tried before a jury of twelve as guaranteed by part I, article 15 of the Constitution of New Hampshire. We hold that there is no sufficient record of waiver and reverse.

The defendant was prosecuted on two counts of forgery. Neither the State nor the defense requested the appointment of alternate jurors, and the defendant filed no pretrial objection to completion of the case with a depleted jury panel in the event that one or more

jurors should be excused before verdict. *See* SUPER. CT. R. 9. After the judge learned in the course of trial that one of the twelve jurors might have known the defendant, he excused the juror and explained his action to counsel in chambers. When the trial resumed, he announced in open court that he had excused a juror and that the trial would proceed with the eleven jurors remaining. Defense counsel, in the defendant's presence, responded, "That's fine."

After the defendant was convicted on both counts, he obtained new counsel, who moved to set the verdict aside and for a new trial. The defendant claimed that he had not received effective assistance from his prior counsel and that he had not waived his right to be tried by a jury of twelve, with the result that the verdict of only eleven was invalid. Although his motion rested on the sixth and fourteenth amendments of the Constitution of the United States, and on part I, article 15 of the Constitution of New Hampshire, in this appeal he relies only upon his State constitutional right to trial by jury under article 15. We consider this issue in the context of a criminal trial, and we intimate no opinion about the applicability of Superior Court Rule 9, or about the appropriate standards for judging the adequacy of a constitutional waiver, in a civil case.

■ The State does not deny that an accused felon's right to trial by jury as guaranteed by article 15 is a right to a jury of twelve. *See Opinion of the Justices*, 121 N.H. 480, 431 A.2d 135 (1981); *Opinion of Justices*, 41 N.H. 550, 552 (1860); *see also State v. Holler*, 123 N.H. 195, 201–02, 459 A.2d 1143, 1147 (1983); *State v. Smith*, 123 N.H. 46, 50–51, 455 A.2d 1041–44 (1983). Nor, of course, does the State deny that the constitutional right to trial by jury is one of central and fundamental importance.

■■ Starting from these common premises, the defendant's position reflects the rule that "'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and ... 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (footnotes omitted); *State v. Barham*, 126 N.H. 631, 637, 495 A.2d 1269, 1273 (1985); *see State v. Tapley*, 124 N.H. 318, 322, 470 A.2d 900, 903 (1983). The defendant in effect argues that the State Constitution, like its national counterpart, demands that the trial court "canvass[. . .] the matter with the accused to make sure he has a full understanding of [a waiver] and its consequences," *Boykin v. Alabama*, 395 U.S. 238, 244 (1969), before finding that any waiver of the right to trial by a full jury was knowing and intelligent. *See*

*State v. Barham, supra* at 637, 495 A.2d at 1273; *State v. Ellard*, 95 N.H 217, 222, 60 A.2d 461, 465 (1948), *cert. denied*, 335 U.S. 904 (1949). Because the trial court did not do so in this case, the defendant submits that the record will not support a conclusion that he validly waived his article 15 right.

The State would deflect any application of the *Johnson* and *Boykin* principles by emphasizing the facts of this case. It argues that a defendant should not be allowed to sit silently as his counsel agrees to an eleven-person jury, only to raise an article 15 claim if the eleven go against him. Accordingly, the State submits that we should infer a valid waiver of a twelve-person jury from the combination of counsel's agreement, the defendant's silence and the operation of Superior Court Rule 9, which provides that the court will complete trial with a depleted jury panel unless, prior to jury selection, a party has objected to that procedure.

The State invokes two groups of federal cases in attempting to cite persuasive authority for its position. The first consists of cases construing Rule 23(b) of the Federal Rules of Criminal Procedure, which provides that any time prior to verdict the parties in a criminal case may stipulate to a jury of less than twelve. There are indeed cases holding that defense counsel's participation in such a stipulation is enough to bind his client. *See, e.g., United States v. Spiegel*, 604 F.2d 961, 965–66 (5th Cir. 1979) (waiver by counsel of the right to twelve-person jury after discussion in open court satisfies rule 23(b) and passes constitutional muster), *cert. denied*, 446 U.S. 935 (1980); *United States v. Pacente*, 503 F.2d 543, 552 (7th Cir.) (counsel's signature on stipulation consenting to fewer than twelve jurors was sufficient to bind client, despite record's silence on the defendant's acquiescence), *cert. denied*, 419 U.S. 1048 (1974); *United States v. Vega*, 447 F.2d 698, 701–02 (2d Cir. 1971) (rule 23(b) is satisfied if counsel is shown to have consulted with the defendant before agreeing to proceed with eleven jurors), *cert. denied*, 404 U.S. 1038 (1972).

The federal courts, however, are divided on this issue. *See United States v. Taylor*, 498 F.2d 390, 392 (6th Cir. 1974) (express, knowing, intelligent, personal consent of defendant is required to stipulate that the trial may proceed with fewer than the twelve jurors); *United States v. Guerrero-Peralta*, 446 F.2d 876, 877 (9th Cir. 1971) (record must indicate that defendant personally gave knowing, intelligent and express consent in open court to stipulation accepting jury of less than twelve). Thus, the rule 23(b) cases are uncertain guides.

Federal cases in the second group that the State presses on us upheld waivers of federal constitutional rights that would not pass muster if the *Johnson-Boykin* standard were assumed to apply:

*Estelle v. Williams*, 425 U.S. 501, 512–13 (1976) (counsel's failure to object can waive fourteenth amendment guarantee against compulsion to stand trial in distinctive prison clothing); *Davis v. United States*, 411 U.S. 233, 240–41 (1973) (counsel's failure to raise objection to composition of grand jury can waive right to challenge indictment on that basis); *Henry v. Mississippi*, 379 U.S. 443, 451–52 (1965) (counsel's deliberate choice to delay objection to tainted evidence may waive his client's fourth amendment right to demand its exclusion). Although these cases are instructive, we do not agree that their instruction is helpful to the State in this case.

To begin with, they do not purport to rest individually or collectively upon a single principled exception to the requirements of *Johnson* and *Boykin*. They present, rather, a variety of reasons for holding that the proper balance between an individual's constitutional rights and the judicial system's obligation to accord finality to its proceedings does not always demand a personal waiver of record before a defendant can be forced to accept the consequences of a failure to assert a constitutionally protected interest.

The first such reason is that not every constitutionally protected interest rises to the level of a fundamental right demanding the procedural solicitude of the standards set forth in *Johnson* and *Boykin*. *See, e.g., Estelle v. Williams, supra* at 508 n.3. The second is that a trial court's duty to require an express and personal waiver from a defendant necessarily presupposes that the court is in a position to know that the defendant is faced with a choice of whether to invoke a constitutional right. For example, unless an indicted defendant or his counsel apprises the court that the grand jury may have been tainted in its composition, there is no way for the court to know that a defendant who proceeds to trial may be waiving a constitutional claim. Thus, when a defendant's affirmative challenge is necessary to apprise a court that a constitutionally protected interest is at stake, it is reasonable to construe a defendant's silence as a waiver of the challenge. *See Davis v. United States supra*. A third such reason is that defendants and their counsel must be left free to make their own strategic and tactical decisions, even when they thereby waive some opportunities to assert constitutional guarantees. To require personal affirmative waivers by a defendant every time counsel decides to waive an issue with constitutional significance could nullify a legitimate tactical decision by broadcasting it to the prosecution, interfere in the relationship between lawyer and client, and threaten the neutrality demanded of the court at trial. These competing interests may require recognition of waivers that are not expressly made on the record. *See Henry v. Mississippi supra*.

Although we assume that these reasons may be invoked just as appropriately in a State context as in the federal cases that illustrate them, none of them justifies acceptance of the present defendant's silence as constitutionally adequate to waive his right to a full jury of twelve. First, the fundamental importance of the right needs no argument. This importance, moreover, must not be obscured or jeopardized by conceding that the defendant was giving up only one juror; twelve means twelve, and concessions can develop momentum. Second, a trial judge does not need a defendant or his counsel to indicate that there are less than twelve people in the jury box. Third, the decision to proceed with less than twelve jurors can be communicated without revealing any strategic or otherwise confidential information.

In these circumstances the defendant's silence and his counsel's inaction under Rule 9 may not be taken as sufficient to waive the right to trial by a full jury, despite his counsel's acceptance of the depleted panel. A personal waiver by the defendant, indicating his understanding of the right to a full jury, is required to effectuate the constitutional guarantee.

There is no cause for surprise at this result, which was intimated in our decisions in *State v. Holler*, 123 N.H. 195, 459 A.2d 1143 (1983) and *State v. Smith*, 123 N.H. 46, 455 A.2d 1041 (1983). The issue in *Holler* arose when a defendant who had pleaded not guilty by reason of insanity demanded additional *voir dire* of the jury panel before the second segment of a bifurcated trial. *Holler, supra* at 201–02, 459 A.2d at 1147. Because the dismissal of any juror following the mid-trial *voir dire* would have reduced the panel below twelve, we held that there was no abuse of trial court discretion in refusing the *voir dire* in the absence of any prior express wavier by the defendant of his right to a full jury. *Id. Smith* had foreshadowed *Holler*, reasoning that the defendant in such a case could have had a mid-trial *voir dire* on the insanity issue without jeopardizing the continuation of the trial, if he had expressly agreed to proceed with a jury of less than twelve in the event that the *voir dire* led to dismissal of any juror. *Smith, supra* at 50–51, 455 A.2d at 1044. *Holler* and *Smith* required express waiver of a full panel of twelve as a condition of claiming a discretionary *voir dire*; the waiver by counsel in this case would not even satisfy the *Holler* and *Smith* requirements.

We may also invoke the forty-year-old holding and advice of *State v. Ellard*, 95 N.H. 217, 60 A.2d 461, in which this court recognized a waiver of a full jury of twelve on evidence that included defense counsel's testimony that the defendant had agreed to a depleted

panel. The instant case would not fall within the facts in *Ellard*, because counsel did not clearly state that the defendant himself accepted the reduced jury panel. Still less would the facts before us satisfy the *Ellard* court's advice that in future cases the trial judge should interrogate such a defendant and obtain a personal statement of the waiver. *Id.* at 222, 60 A.2d at 465. It is noteworthy, too, that Justice Duncan dissented in *Ellard*, on the ground that the trial court's findings were insufficient to indicate an informed waiver; the dissent anticipated the attention that courts have since given to waiver standards in the wake of *Boykin*, and it was prophetic of our holding today.

We reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*

All concurred.