COMMONWEALTH vs. STEPHEN A. PRESTON.

Suffolk. October 9, 1980. — December 11, 1980.

Present: BROWN, GREANEY, & KASS, JJ.

*Practice, Criminal,* Default, Appeal to jury session.

Where a defendant, upon appeal from his conviction following a District
    Court bench trial, failed to appear for a trial de novo although he had
    been in the courtroom shortly before the case was called and had
    disappeared only after a policeman reminded him that his trial was
    scheduled to commence, there was a sufficient basis in the record to
    find that the defendant's conduct constituted a solid default so as to
    warrant imposition of sentence under G. L. c. 278, § 24, despite the
    fact that the defendant's counsel believed, and had informed the
    defendant, that the case was scheduled for a pretrial conference on
    that date rather than for trial. [809-810]

COMPLAINT received and sworn to in the Boston Munici-
pal Court Department on November 30, 1978.

On appeal to a jury session of that court, sentence was im-
posed by *Glynn,* J., following default by the defendant.

*J. W. Carney, Jr.,* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the
Commonwealth.

BROWN, J. The defendant's appeal is before us on an
allegation that the judge erred in finding a "solid default"
based on the defendant's conduct and in denying the
defendant's subsequently filed motion to revoke the sen-
tence imposed. There was no error.

The defendant was convicted following a bench trial on
April 9, 1979, by a judge of the Boston Municipal Court of
larceny from the person, and was sentenced to serve eight-
een months in a house of correction. The defendant
claimed an appeal for a jury trial de novo. That trial was
set for April 24, 1979.

The defendant failed to appear on April 24, and a default was entered pursuant to G. L. c. 278, § 24. The judge issued a warrant for the defendant's arrest. On October 9, 1979, the defendant's motion to remove the default was allowed, and the case was continued to November 2, 1979. The defendant arrived at Boston Municipal Court at about 9:00 A.M. on November 2. At approximately 9:20 A.M., on that day, Officer Stanton of the Boston police approached the defendant in the courtroom and reminded him that he was due to appear in that session for a jury trial commencing at 10:00 A.M.[1] Shortly thereafter the defendant inexplicably left the courtroom.

At approximately 9:45 A.M., the defendant's counsel arrived in court[2] and met with Assistant District Attorney Tiernan and Officer Stanton for purposes of determining a mutually convenient trial date and discussing various pretrial discovery motions. During that meeting, Stanton suggested that trial could be had in December on a date agreeable to the Commonwealth's witnesses.

Following this meeting both the prosecutor and counsel for the defendant entered the courtroom to present the pretrial conference report. When his case was called, the defendant failed to appear and was again defaulted with an order that "default not be removed without a hearing on whether or not the primary court sentence should or should not be imposed under G. L. c. 278, § 24." Pursuant to a new warrant, the defendant was arrested on November 8 and held until the next day, when a hearing on the removal of the default was conducted. At that hearing the judge found the defendant to be in default and, pursuant to G. L. c. 278, § 24, ordered the defendant to be committed on the sentence originally imposed on April 9, 1979.

---

[1] Officer Stanton was scheduled to testify as a witness for the Commonwealth in the defendant's case.

[2] It is agreed by the parties that counsel's arrival at that time could fairly be characterized as "tardy."

The defendant claims that his absence was due in part to certain misinformation imparted to him by his counsel. The Commonwealth responds by asserting that based upon the face-to-face encounter between the defendant and Officer Stanton the defendant's conduct exemplified a "wilful avoidance of prosecuting an appeal."

At the hearing, counsel for the defendant testified that he communicated to the defendant that a pretrial conference was scheduled for that day. Counsel for the defendant said that he genuinely believed that the November 2 date was scheduled for a pretrial conference rather than for trial.[3]

In general, sentencing without a further trial under c. 278, § 24, is undertaken only after "solid defaults of appearance." *Commonwealth* v. *Coughlin,* 372 Mass. 818, 821 (1977). In determining "solid default" the court will look to the defendant's own conduct. See *Commonwealth* v. *Francis,* 374 Mass. 750, 754, appeal dismissed, 439 U.S. 805 (1978); *Commonwealth* v. *O'Clair,* 374 Mass. 759, 764, appeal dismissed, 439 U.S. 805 (1978). Although the defendant here concedes that his failure to appear was based upon his own conduct, he asserts that his conduct was predicated upon reasonable reliance on his attorney's statements that the November 2 date was scheduled for a pretrial conference and not for a trial. He goes on to claim that such reliance undercuts the solidity of the "solid default."

Ordinarily we would give considerable weight to a defendant's reliance on his counsel's representations.[4] However, in the entire circumstances presented here we agree with the motion judge who found that the defendant's "de-

---

[3] In support of this contention, counsel stated that such a belief was not unreasonable because (1) the entry in the office file did not specify November 2 as the day trial was to commence; (2) discovery motions had yet to have been acted upon; (3) there was no record that the pretrial conference required by Mass.R.Crim.P. 11, 378 Mass. 862 (1979), had been held; and (4) based upon his own (counsel's) experience, cases are not scheduled for trial on the Friday of the last day of a court session.

[4] We, as the motion judge apparently did, give full credit to the testimony of counsel for the defendant and treat it as true in so far as it may have relevance.

fault was a solid default with a complete disregard of the necessity of appearance for trial."

Whatever were defense counsel's good faith beliefs, it seems plain that the defendant was trying to avoid or unduly postpone an inevitable result. The record does not indicate that counsel for the defendant told the defendant not to appear. Irrespective of what the parties might have thought was scheduled for November 2, Mass.R.Crim.P. 11, 378 Mass. 862 (1979), is explicit in its requirement that "[t]he defendant shall be available for attendance at the pretrial conference."

Although counsel conceded that he arrived later than usual on the day in question, there is no showing that this had any bearing on the defendant's departure from the courthouse prior to 10:00 A.M.[5] Moreover, the testimony of Officer Stanton reminding the defendant earlier that morning that he was scheduled to appear for trial is compelling. And equally compelling is Stanton's testimony that the defendant stated at the time of his subsequent arrest on November 8 in response to a question why he had absented himself from the courthouse on November 2, that "he wouldn't come to court."

In sum, we think that there is a sufficient basis in the record to find that the defendant's conduct in these circumstances "constituted a 'solid default' of appearance so as to invoke disposition of his case pursuant to G. L. c. 278, § 24." *Commonwealth* v. *O'Clair*, 374 Mass. at 764.

Deciding as we do, it is unnecessary for us to consider the defendant's other claims of error in the proceedings in which he was committed.

*Judgment affirmed.*

---

[5] It is not without significance that the defendant failed to keep his prearranged appointment that morning with his counsel to discuss the case. In addition, the record is completely silent as to whether there was any contact between the defendant and his counsel from that day (November 2) until the defendant was arrested on November 8.