**Stephen A. PRESTON, Plaintiff, Appellant,**

v.

**John SEAY, et al., Defendants, Appellees.**

No. 82–1035.

United States Court of Appeals, First Circuit.

Argued June 2, 1982.

Decided June 29, 1982.

J. W. Carney, Jr., Boston, Mass., for plaintiff, appellant.

Alexander G. Gray, Jr., Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for defendants, appellees.

Before CAMPBELL and BREYER, Circuit Judges, and PETTINE,* District Judge.

PER CURIAM.

Stephen Preston appeals from the district court's denial of his petition for habeas corpus. At issue is the constitutionality of Mass.Gen.Laws ch. 278, § 24, which, as applied, has resulted in a deemed waiver of petitioner's right to a jury trial because of his "solid default" of appearance. *See*

---

* Of the District of Rhode Island, sitting by designation.

*Commonwealth v. Preston*, 1980, —— Mass. ——, Mass.App.Ct.Adv.Sh. 2137, 413 N.E.2d 749, *further review denied*, 1981 Mass. Adv.Sh. 217. District Judge Keeton dealt comprehensively with Preston's claim; as we agree with Judge Keeton's reasoning, we affirm primarily on the basis of his opinion. 541 F.Supp. 898 (D.Mass.1981). We add, however, the following comments in response to points emphasized by Preston during appellate argument.

Preston contends that the state courts committed factual error in finding that his criminal case was scheduled for trial on November 2, 1979. He alleges that only a pretrial conference was contemplated then. The Massachusetts Appeals Court, however, did not base its ruling on a finding that the actual trial was necessarily scheduled for November 2.[1] Rather, in determining that Preston's absence when the case was called was a "solid default," i.e., an inexcusable failure to prosecute an appeal, *see generally Commonwealth v. Coughlin*, 372 Mass. 818, 364 N.E.2d 210, 212 (1977), the Appeals Court noted that a Massachusetts defendant must be available to attend a pretrial conference, and that the evidence demonstrated Preston's full awareness that his presence in court was required that day. For present purposes, we do not think it critical whether the case was scheduled to be tried then.[2] The evidence is clear that Preston was told to be present, yet absented himself with no more explanation than his subsequent remark that "he wouldn't come to court." 413 N.E.2d at 751. Thus, even were Preston to carry the heavy burden involved in establishing that a trial was not then contemplated, *see Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), it would not affect the present analysis.

The district court considered itself bound by the Supreme Court's dismissals of two similar attacks on section 24 for want of a substantial federal question. *See Francis v. Massachusetts* and *O'Clair v. Massachusetts*, 439 U.S. 805, 99 S.Ct. 61, 58 L.Ed.2d 97 (1978). Preston argues that these cases are not apposite. We disagree. The fact that review was sought in *Francis* and *O'Clair* via appeal rather than certiorari does not, as Preston claims, preclude their challenge from being to the statute "as applied," rather than solely to its facial validity. *See Dahnke-Walker Milling Co. v. Bondurant*, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239 (1921); Bator, Mishkin, Shapiro & Wechsler, Hart & Wechsler's The Federal Courts and The Federal System 637–40 (2d ed. 1973); Wright, Law of Federal Courts 548 (3d ed. 1976). Moreover, *Francis* and *O'Clair* clearly presented the same legal challenge that Preston brings: whether section 24 may validly be applied to situations where the evidence does not support a finding of a voluntary, knowing and intelligent waiver of the right to a jury trial. *See* Jurisdictional Statement at 3, 7–9. Finally, while Preston rightly points out that the facts here are different from *Francis* and *O'Clair*, their principle is controlling: if the facts support a "solid default," the more stringent waiver requirements applicable to other situations need not be met. It is of course often difficult to understand the proper reach of Supreme Court summary affirmances and dismissals for want of a substantial federal question, *see generally Mandel v. Bradley*, 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977) (per curiam), but we think the precedents here are so close as to be dispositive.

*Affirmed.*

---

1. The Municipal Court motion judge (whose judgment was affirmed by the Appeals Court) did find, after hearing, that a trial was scheduled for that day.

2. The record indicates that both Preston's counsel and a police officer had informed him to be present. The Appeals Court noted that Preston had earlier been defaulted in the same case for failure to appear at trial; the default was removed, thus giving him another chance to obtain a trial de novo. 413 N.E.2d at 750. This combination of factors lends strong support to the Court of Appeals' conclusion that Preston "was trying to avoid or unduly postpone an inevitable result." *Id.* at 751.