Franklin District Court
No. 2000-532

THE STATE OF NEW HAMPSHIRE

v.

CHARLES FOOTE

Argued: February 12, 2003
Opinion Issued: April 18, 2003

*Stephen J. Judge*, acting attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Dawnangela Minton*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Charles Foote, appeals the denial of his motion to set aside his misdemeanor convictions, following a bench trial, for violating two protective orders. *See* RSA 173-B:8 (1994 & Supp. 1998) (amended 1999). He asserts that the Franklin District Court (*Townley-Tilson*, J.) erred by: (1) failing to conduct an on-the-record colloquy in connection with his jury trial waiver or require a personally executed waiver; and (2) concluding that his counsel's written waiver of jury trial demonstrated that he had personally acted knowingly, intelligently and voluntarily. We affirm.

The defendant was charged with one class A misdemeanor for violating a protective order and one class B misdemeanor for violating a domestic violence order. At that time, the Jury Trial Pilot Project was in effect in Merrimack County. It obligated the defendant to elect either a bench trial or a jury trial in district court, and eliminated any *de novo* appeal to the superior court. *See* RSA 502-A:12-a (1997). As a matter of law, the defendant is not entitled to a jury trial on a class B misdemeanor; therefore we address only the class A misdemeanor.

At the defendant's arraignment, he completed a "REQUEST/WAIVER OF JURY TRIAL" form which allowed him to select one of three options: "Trial by Jury," "Trial Before a Judge," or "I Need More Time to Decide." The defendant chose the last option. The form advised him that if he was "represented by an attorney, [the] attorney must contact the court . . . to advise [it] of [his] choice." The defendant was represented by counsel and so indicated on the form. He also dated and signed it under the statement: "I have received the above notice and understand its contents."

After requesting and receiving a short extension of time to make an election, the defendant's counsel advised the court in writing: "In regards to the above captioned matters, my client has decided to proceed with a trial by the Court and not a jury trial." The letter was signed by counsel and a copy sent to the defendant. The district court subsequently

conducted a bench trial and found the defendant guilty on both misdemeanor counts.

Prior to sentencing, the defendant changed counsel. New counsel filed a motion asserting that the court did not follow the proper procedures for a jury trial waiver. The motion was denied and the defendant was sentenced. This appeal followed.

Both the Federal and New Hampshire Constitutions guarantee a right to trial by jury. U.S. CONST. amends. VI, XIV; N.H. CONST. pt. I, art. 15. We consider the defendant's argument under the State Constitution first. *See State v. Ball*, 124 N.H. 226, 231 (1983). Because the Federal Constitution offers no greater protection than our State Constitution with regard to the rights asserted by the defendant, we need not undertake a separate federal analysis and cite federal law only to aid our analysis. *See State v. Bousquet*, 133 N.H. 485, 488 (1990); *see also Patton v. United States*, 281 U.S. 276, 298 (1930) (recognizing the right to waive a jury trial).

It is well established that "[w]hen waiving a constitutional right, one must do so voluntarily, knowingly, and intelligently with sufficient awareness of the relevant circumstances and likely consequences." *United States ex rel. Wandick v. Chrans*, 869 F.2d 1084, 1087 (7th Cir. 1989) (quotation omitted). The constitutional right to trial by jury "is one of central and fundamental importance," *State v. Hewitt*, 128 N.H. 557, 558 (1986), and courts do not presume acquiescence in the waiver of such a right, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *State v. Barham*, 126 N.H. 631, 637 (1985).

When a defendant purports to waive an important constitutional right, however, the trial court is not always required to conduct a colloquy to establish a valid waiver unless the waiver is tantamount to a guilty plea. *See State v. Jaroma*, 139 N.H. 611, 614 (1995). In the latter circumstance, a colloquy is constitutionally required because the defendant forfeits not only the right to trial by jury, but also the right to confront accusers as well as the right against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). Where, however, a formal jury waiver has occurred and a defendant proceeds to trial before the court, a colloquy or a personally executed waiver is not necessary, provided the totality of the circumstances, including the background, experience and conduct of the defendant, reflects a knowing, intelligent and voluntary waiver. *Davis v. State*, 809 A.2d 565, 569-70 (Del. 2002). Whether the facts support a valid waiver is a question of law which we review *de novo*. *State v. Hoyt*, 141 N.H. 371, 372 (1996).

The defendant cites no authority to support his argument that the absence of a personally executed waiver or a recorded colloquy with the

court precludes a valid waiver of his right to a jury trial. Rather, he argues that the burden was on the State to prove a valid waiver, and that it failed to carry its burden. *See State v. Zankowski*, 140 N.H. 294, 296 (1995); *see also Boykin*, 395 U.S. at 242. The State contends that when a formal waiver of jury trial has been made, the burden is on the defendant to demonstrate that the waiver was not voluntarily, knowingly and intelligently made. Assuming without deciding that the burden is on the State, we conclude that the State met its burden.

While waiver of a jury trial cannot be gleaned from a silent record, neither the defendant nor his counsel was silent in this case. The defendant signed a form acknowledging that he understood his right to a trial by jury and elected to request more time to decide if he would exercise it. He was instructed by the form that he should notify the court of his choice through counsel. The defendant's jury trial waiver was communicated to the court in writing by his counsel and the defendant was copied on the letter. The defendant does not contend that his waiver was not voluntary, knowing or intelligent, that his counsel was not authorized to communicate his waiver, or that his counsel was ineffective.

The defendant contends that his case is similar to *Hewitt*, 128 N.H. at 561, where we held that the trial court should have elicited a personal waiver from the defendant for his election to proceed to verdict with an eleven-person jury. We disagree.

The record in *Hewitt* was silent as to whether the defendant knew about his right to jury trial and whether he understood his right to a full panel. *Id.* There, the trial judge learned in the course of the trial that one of the twelve jurors might have known the defendant. *Id.* at 558. The juror was excused and counsel were so informed, without objection, in chambers. *Id.* When the trial resumed, the judge explained in open court that he had excused a juror and that the trial would proceed with a depleted panel. *Id.* Defendant's counsel, in his presence, succinctly acquiesced. *Id.* The defendant was later convicted. *Id.* He sought unsuccessfully to set aside the guilty verdicts based upon ineffective assistance of counsel and lack of a valid waiver to a diminished panel. *Id.* We reversed because the defendant's silence and his counsel's acceptance of the diminished panel were not sufficient to waive the defendant's right to trial by a full panel. *Id.* at 561. We held that a personal waiver from the defendant was constitutionally required. *Id.*

Here, the defendant explicitly acknowledged he understood his right to trial by jury. After a requested delay to make an election, his counsel informed the court in writing that his "client [had] decided to proceed with a trial by the [c]ourt and not a jury trial." A copy of this letter was sent to

the defendant. There is no set formula by which to validate a waiver of a jury trial. *Davis*, 809 A.2d at 569-70. We find no error in the trial court's ruling, based upon the totality of the circumstances, that the defendant made a voluntary, knowing and intelligent waiver.

The defendant further argues that based upon our reasoning in *Hewitt*, the trial court could not rely upon his counsel's letter as a knowing, intelligent and voluntary waiver of his right to jury trial. He points to RSA 606:7 (2001), which requires defendants in superior court to personally execute a jury trial waiver when they elect a bench trial. We need not decide whether counsel's letter by itself would suffice to support a valid waiver. The letter did not stand alone, but was written following a personal acknowledgment by the defendant that he understood his right to a jury trial. Only after the defendant, at his request, had time to reflect did his counsel inform the court of his waiver.

The defendant does not identify any statute requiring a personal written jury trial waiver in the district court Jury Trial Pilot Project. Although it would have been advisable, and indeed the better practice, for the trial court to have secured an express waiver directly from the defendant, *see* W. LAFAVE ET AL., CRIMINAL PROCEDURE § 22.1(h), at 1028 (3d ed. 2000), it was neither constitutionally mandated nor statutorily required.

*Affirmed.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.