*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0291p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

  *v.*

            No. 04-4393

SEAN COLEMAN,

    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 03-00090—James L. Graham, District Judge.

Argued: July 17, 2006

Decided and Filed: August 10, 2006

Before: BOGGS, Chief Judge; COLE, Circuit Judge; and ROSEN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Thomas P. Kurt, Toledo, Ohio, for Appellant. Timothy D. Oakley, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Thomas P. Kurt, Toledo, Ohio, for Appellant. Timothy D. Oakley, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

---

## OPINION

---

  BOGGS, Chief Judge. Defendant-appellant Sean Coleman was convicted, under unusual circumstances, of being a felon in possession of a firearm. Coleman's sole predicate felony conviction for his federal indictment had been the subject of a conditional writ of habeas corpus, to issue if the state failed to retry him. However, the district court in the predicate case stayed the writ pending the state's appeal. While that appeal was pending, Coleman was arrested for possession of a handgun and marijuana following a police anti-drug surveillance operation, and was subsequently indicted for possessing a firearm while under a weapons disability, in violation of 18 U.S.C. § 922(g). He was convicted of that crime, and he was sentenced to ten years' imprisonment. Several months later, we affirmed the grant of the conditional writ with respect to Coleman's underlying predicate felony conviction, and the state chose not to retry him. Coleman now

---

[*]The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

challenges (1) his conviction for being a felon in possession of a firearm for insufficiency of evidence, arguing that the lone predicate conviction cited in his indictment in the instant case had been nullified prior to his arrest, and (2) the search of his car after he was stopped that resulted in the discovery of the gun. Finally, he alleges that his sentencing under the Guidelines violated the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). For the reasons stated below, we affirm his conviction and the handgun's admissibility, but remand for resentencing.

**I**

Coleman was convicted of aggravated drug trafficking in Ohio state court and his appeal was denied. Coleman filed a petition for a writ of habeas corpus and the federal district judge granted a conditional writ on November 6, 2002, ordering Coleman's release

> unless [Ohio] retries petitioner within ninety (90) days of [November 6, 2002], or within such further time as the Court may allow for good cause shown, based on the claim raised in ground two concerning the trial court's failure to provide a limiting instruction with respect to the prior conviction, the claim raised in ground three concerning prosecutorial misconduct, and the claim raised in ground four . . . regarding ineffective assistance of counsel for failure to object to the prosecutor's closing argument.

On February 4, 2003, in response to the state's motion, the judge stayed her order pending the state's appeal to the Sixth Circuit.

On May 14, 2003, Coleman was arrested for, *inter alia*, possessing a firearm as a felon. On that day, several Cincinnati police officers were stationed in a covert location in order to watch a park for drug activity. Around 8:15 a.m., Officer Cain observed a gold Mitsubishi parked beside the park, and he saw Coleman get out of that car. He then saw Coleman place a compact disc case in the weeds at the rear of a vacant building next to the park, and a small plastic bag in a jungle gym. About ten or fifteen minutes later, another man approached Coleman; they spoke for less than a minute, and Coleman took the bag from the jungle gym. The officer could not see what the men did with the bag. After a moment, the men walked together toward Coleman's gold Mitsubishi, then the second man left the area and Coleman returned to the jungle gym, where he hid the bag once more. Officer Cain, a 27-year veteran of the police force, strongly suspected that he had witnessed drug activity. About ten minutes after the second man had left the area, Coleman retrieved the compact disc case, returned to his car, and drove away.

One of the officers called for backup. Three police officers received the call for backup around 8:45 a.m., alerting them to suspicious activities of the driver of a gold Mitsubishi. They were given a description of Coleman and the car's approximate location. They spotted the car soon thereafter, and followed Coleman in an unmarked police car. Coleman pulled up to a curb as if to park, and the officers got out of the unmarked police car and approached the Mitsubishi. After they identified themselves as police officers, Coleman abruptly drove away at a high rate of speed. The officers returned to their car, followed him, and called for help.

When Coleman saw two marked police cruisers ahead of him at the intersection of Findlay and Race streets, he stopped his car even though the cruisers had neither activated their lights nor directed him to stop. After he stopped, officers approached the car, identified themselves, advised Coleman that he had been stopped for suspected drug activity, and asked him to step out of the car. Coleman cooperated. They asked if he had any weapons or drugs, and he retrieved marijuana from his pocket. After he produced the marijuana, the officers asked to search the vehicle, and Coleman consented.

During their search, they found the compact disc case on the passenger seat. Inside it, they found a loaded handgun. They then advised Coleman that he was under arrest for possession of the weapon and marijuana. They read him his *Miranda* rights, and then asked him about the gun and drugs. He replied that he found the gun in the park earlier that morning, and that he needed it for protection. They took him to the police station, and advised him that they had watched him in the park that morning. He subsequently changed his story, saying that he must have found the gun during the prior day.

Coleman was indicted on July 23, 2003 on one count of possessing a firearm while under a weapons disability, in violation of 28 U.S.C. § 922(g). The indictment noted only one predicate felony conviction – the state conviction for aggravated drug trafficking, which had been subject to a stayed conditional grant of habeas corpus. Coleman filed a motion to suppress the handgun and his statements to the officers, but the district court denied this motion in October 2003. On appeal, Coleman does not appear to argue that his statements should have been suppressed, and accordingly, we deem that argument to have been abandoned. Coleman filed a Rule 29 motion for acquittal at the conclusion of the government's case, which was denied, and renewed his motion at the close of evidence, which was also denied. The jury returned a guilty verdict, and the district court sentenced Coleman to 120 months of imprisonment, to be followed by three years of supervised release. The sentence was in the middle of the Guidelines range, but at the statutory maximum, and the range was enhanced by a variety of Guidelines factors, such as by the fact that the gun had been stolen from a police officer. Coleman filed a timely appeal.

Separately, on December 30, 2004, we affirmed the district court's conditional grant of the writ of habeas corpus with respect to Coleman's sole predicate felony conviction. *Coleman v. Ohio Adult Parole Auth.*, 118 F. App'x 949, 951 (6th Cir. 2004). The state did not retry Coleman, and so the conditional grant became absolute, nullifying his conviction.

## II

### A

Coleman's first claim on appeal is that the district court erred in denying his Rule 29 motions for acquittal, on the grounds that there was insufficient evidence to convict him for violating the weapons disability. We review *de novo* the district court's denial of a motion for judgment of acquittal. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984). Claims of insufficient evidence are determined by inquiring "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Damrah*, 412 F.3d 618, 625 (6th Cir. 2005). For the purposes of 18 U.S.C. § 922(g), we look to the status of the predicate conviction at the time the crime was committed. *United States v. Settle*, 394 F.3d 422, 430-31 (6th Cir. 2005). The Supreme Court has long since held that weapons disability statutes such as § 922(g) require felons to clear their legal status prior to obtaining a firearm. *United States v. Lewis*, 445 U.S. 55, 65 (1980) (denying, as a defense to prior firearms statute, collateral attack that predicate felony conviction had been unconstitutionally obtained).

So settled is the law in this regard that Coleman concedes that subsequent nullification of a predicate felony conviction does not authorize a successful challenge to a prior § 922(g) conviction that had depended on that since-nullified predicate conviction. *See Settle*, 394 F.3d 422 (defendant obtained a state court ruling 14 months after the date of his firearm possession voiding his state conviction *ab initio*); *United States v. Olender*, 338 F.3d 629 (6th Cir. 2003); *United States v. Morgan*, 216 F.3d 557 (6th Cir. 2000). Coleman attempts to distinguish his situation by arguing that his predicate conviction had been nullified *prior* to his arrest because the district court had conditionally granted him a writ of habeas corpus, even if that order had been stayed pending appeal.

By this argument, Coleman claims that his federal weapons disability had been lifted prior to his arrest for possessing a firearm, and so the prosecution had introduced no evidence of a predicate felony conviction as required by § 922(g). He further argues that the district court's subsequent stay of its order should not reimpose the federal weapons disability on him.

Coleman is simply mistaken. Only an absolute grant of the writ of habeas corpus is *actually* issued and effective at the moment of the district court's judgment, albeit subject to the possible grant of orders staying the writ. Here, the district court did not give Coleman an absolute grant of habeas corpus in November 2002. Instead, the court, in its discretion, chose to issue a conditional grant of the writ. From a petitioner's perspective, conditional grants create nothing more than a springing interest. That is to say, conditional grants of the writ of habeas corpus remain merely latent until the court's established conditions are met, at which time the writ springs into effect, generally as a self-executing result of the district court's initial order but sometimes through the issuance of a new order. *See Gentry v. Deuth*, No. 05-6273, ___ F.3d ___, 2006 WL 2106637 (6th Cir. 2006); *Satterlee v. Wolfenbarger*, ___ F.3d ___ , 2006 U.S. App. LEXIS 16447 (6th Cir. 2006).

According to the terms of the established condition relevant to this case, the writ would be granted "*unless* [Ohio] retries petitioner within ninety (90) days . . . ." (emphasis added). Within that period of time, the state of Ohio requested a stay pending appeal, which the district court granted. By the very terms of the district court's November 2002 judgment and its subsequent stay, it is clear that the conditions required for the writ to spring into operation had not been met prior to Coleman's May 2003 arrest for violating his weapons disability. In fact, as a result of the court's February 2003 order staying its judgment, the November 2002 conditional grant of habeas corpus did not result in the writ's *actual* issuance until sometime after we affirmed the judgment in December 2004. Coleman's federal weapons disability thus remained in full effect until that time,[1] and so he violated federal law by possessing a firearm in May 2003. *Lewis*, 445 U.S. at 65. Therefore, sufficient evidence exists to sustain Coleman's conviction for violating 18 U.S.C. § 922(g).

**B**

Coleman next complains that the police search of his car violated the Fourth Amendment, rendering the gun found on his car seat inadmissible. *Katz v. United States*, 389 U.S. 347, 356 (1967). In this case, Coleman does not present a challenge to the legality of his initial stop; rather, he complains only about the subsequent search of his car. As such, we must confine our analysis to that search.

Coleman stopped his automobile at a police roadblock after he had fled from several Cincinnati police officers, although there were no police lights activated and he was not actually directed to stop. The officers approached his car, identified themselves, and advised him that he had been stopped for suspected drug activity. Coleman cooperated, and exited his vehicle. The officers asked if he had any drugs or weapons in his possession, and in response he surrendered some marijuana from his pocket. After he had produced the marijuana, the officers asked to search his vehicle, and Coleman responded affirmatively. In searching the vehicle, the officers found the compact disc case on the car's passenger seat, and inside it they found the loaded handgun that, they later discovered, had been stolen from another police officer several months before. The officers

---

[1]We note in passing that criminal convictions remain valid and in force pending appeal, unless the district court rules otherwise. This is somewhat analogously reinforced by the fact that witnesses may be impeached at trial with criminal convictions that are pending on appeal. Fed. R. Evid. 609(e). *See McDonald v. Vanderpool*, No. 81-5427, 705 F.2d 455, 1982 U.S. App. LEXIS 11662 (6th Cir. Oct. 14, 1982) (affirming admissibility of prisoner-plaintiff's criminal convictions in civil rights trial even though he had filed habeas petitions regarding those convictions).

then placed Coleman under arrest. Coleman now complains that the search of his car was unlawful because he had not been placed under arrest beforehand.

We disagree, for numerous exceptions to the general search warrant requirement applied under these circumstances. Although the police are generally required to obtain a warrant prior to conducting a search, there are several well-known exceptions to the warrant requirement, including searches incident to lawful arrests, *Chimel v. California*, 395 U.S. 752, 763 (1969), *see United States v. Robinson*, 414 U.S. 218 (1973), and the "automobile exception" wherein "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant had not been actually obtained." *United States v. Ross*, 456 U.S. 798, 809 (1982). *See also Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) ("[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.").

Both exceptions applied under these circumstance. The police had probable cause to arrest Coleman based on their prior observations, his rapid flight from police, and his subsequent production of marijuana from his pocket. These facts rendered the search one incident to a lawful arrest. Although Coleman now complains that this exception can apply only *after* the police have formally arrested a suspect, the exception actually applies once the police are in possession of probable cause to make a lawful arrest. It is immaterial that Coleman was not formally taken into custody until after his car was searched because of "the traditional common-law rule that probable cause justifies a search and seizure." *Whren v. United States*, 517 U.S. 806, 819 (1996). It is equally immaterial that Coleman was ultimately charged with an offense different than that which provided the legitimate probable cause justifying the search. *Id.* at 812-13. Moreover, Coleman's production of the marijuana provided the police with probable cause to believe that the vehicle contained further contraband, and so the search was simultaneously authorized by the automobile exception.

Furthermore, Coleman consented to the search. "It is well-settled that a person may waive his Fourth Amendment rights by consenting to a search. Consent to a search may be in the form of words, gesture, or conduct. In whatever form, consent has effect only if it is given freely and voluntarily." *United States v. Carter*, 378 F.3d at 587 (citations and internal quotation marks omitted). *See Aquino v. Honda of Am., Inc.*, 158 F. App'x 667, 672 (6th Cir. 2005). Valid consent must "be determined from the totality of all the circumstances." *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (en banc) (citations and internal quotation marks omitted), *cert. denied*, 543 U.S. 1155 (2005) (affirming denial of motion to suppress). At the time when the police asked to search the automobile, Coleman had not yet been placed formally under arrest, he had not been directed to stop his car by the police, no guns had been drawn, the emergency lights had not been activated, the police had not given any indication that he would be placed formally under arrest, and they did not threaten him in any way to induce his consent to their search. Under these circumstances, therefore, Coleman "freely and voluntarily" consented when he authorized the police to search his car.

## C

Coleman was sentenced according to the Sentencing Guidelines prior to the Supreme Court's decision in the *Booker* case, and the district court did not issue an alternative sentence or suggest that it would have issued the same sentence under an advisory scheme. The government does not challenge Coleman's right to resentencing. As it is unclear whether the district court treated the Guidelines as advisory rather than mandatory, *United States v. Barnett*, 398 F.3d 516, 527-28 (6th Cir. 2005), we must remand this case to the district court for resentencing in a manner consistent with *United States v. Booker*, 543 U.S. 220. Of course, on remand the district court may not include in Coleman's criminal history any points resulting from the 1998 conviction, which has now been

definitively erased. *Coleman v. Ohio Adult Parole Auth.*, 118 F. App'x at 952. *See generally Gentry v. Deuth*, No. 05-6273, __ F.3d __, 2006 WL 2106637. On the other hand, the district court could still, under appropriate circumstances, consider the underlying conduct leading to that conviction pursuant to, *e.g.*, USSG § 4A1.3(a)(2)(E), or 18 U.S.C. § 3553(a)(2)(C).

## III

For the reasons stated above, we **AFFIRM** Coleman's conviction for violating 18 U.S.C. § 922(g), **AFFIRM** the district court's ruling with respect to the police search of Coleman's automobile, and **REMAND** for resentencing.