2d Circuit Court — Lebanon District Division
No. 2013-096

THE STATE OF NEW HAMPSHIRE

v.

DANIEL C. THOMPSON

Submitted: October 16, 2013
Opinion Issued: December 24, 2013

*Joseph A. Foster*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief), for the State.

*Kenna & Sharkey, P.A.*, of Manchester (*Bruce E. Kenna* on the brief), for the defendant.

HICKS, J. The defendant, Daniel C. Thompson, appeals a decision of the 2d Circuit Court — Lebanon District Division (*Cirone*, J.) denying his request for an appeal to superior court for a *de novo* jury trial and a decision of the Superior Court (*Vaughan*, J.) denying his petition to allow a misdemeanor appeal. We affirm.

The following facts are supported by the record or are taken from our decision in a prior appeal in this case. *See State v. Thompson*, 164 N.H. 447 (2012). The defendant was convicted, following a bench trial in Lebanon District Court, of driving while intoxicated (DWI). *See* RSA 265-A:2, I (Supp. 2012) (amended 2012); *Thompson*, 164 N.H. at 448. The amended complaint against the defendant alleged two prior convictions, but the State did not enter evidence of those convictions at trial. *Thompson*, 164 N.H. at 448. Rather, the State sought to admit them, over the defendant's objection, at sentencing. *Id*. The trial court admitted the evidence and sentenced the defendant to enhanced penalties for a third DWI offense under RSA 265-A:18, IV(b). RSA 265-A:18, IV(b) (Supp. 2012) (amended 2012); *Thompson*, 164 N.H. at 448. Accordingly, the defendant was convicted of a class A misdemeanor. *See* RSA 265-A:18, IV(b). Had the prior offenses not been admitted, the defendant's conviction would have been a class B misdemeanor. *See* RSA 265-A:18, I(a)(1) (Supp. 2012) (amended 2012).

According to the circuit court order now being appealed, the defendant, at the sentencing hearing, "stated his intent to appeal . . . to the Supreme Court." It appears, however, that the district court clerk's office sent the appeal to the superior court. The defendant then filed in the superior court an assented-to motion to remand the case to the trial court so that the contemplated appeal to this court could be filed. The superior court granted that motion. It appears that the trial court also stayed the defendant's sentence pending resolution of his appeal to this court.

On appeal to this court in *Thompson*, the defendant argued that the trial court erred by imposing an enhanced penalty under RSA 265-A:18, IV because the State failed to prove at trial the existence of his prior convictions. *Thompson*, 164 N.H. at 448. We disagreed and affirmed the defendant's class A misdemeanor conviction. *Id.* at 451. The defendant then notified the trial court of his intent to appeal his conviction and sentence to the superior court and asserted his right to a *de novo* jury trial. *See* RSA 599:1 (Supp. 2006) (amended 2011). The trial court ruled that the defendant, having chosen to appeal to this court, was not thereafter entitled to appeal to the superior court for a *de novo* jury trial. The defendant then petitioned the superior court to allow a misdemeanor appeal pursuant to RSA 599:1 through 599:1-b, arguing that if he had, as the trial court decided, waived his right to appeal to the superior court, it "was the result of mistake, accident and misfortune." The superior court denied that motion. The defendant now appeals to this court the decisions of both the trial and superior courts.

The defendant first challenges the trial court's ruling that his election to appeal to this court waived his right to a jury trial in superior court. We note, as an initial matter, that he contests whether RSA 502-A:12 precludes him from now appealing his trial court conviction "to the Superior Court for a jury trial where his appeal to this Court was made solely to determine whether his conviction in the [trial court] was properly for a Class A or a Class B misdemeanor." *See* RSA 502-A:12 (2010). Resolution of this issue requires us to interpret the applicable statutes, which presents a question of law that we review *de novo*. *State v. Hynes*, 159 N.H. 187, 193 (2009).

> In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We first examine the language of the statute, and, where possible, we apply the plain and ordinary meaning to the words used. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language it did not see fit to include. Further, we interpret a statute in the context of the overall statutory scheme and not in isolation.

*Id.* (citations omitted).

RSA 502-A:12 provides:

> I. A person sentenced by a district court for a class A misdemeanor after trial or after proceedings pursuant to District Court Rule 2.14 may appeal therefrom to the superior court for a jury trial as provided in RSA 599 . . . .

II. A person sentenced by a district court for a class A misdemeanor may, *if no appeal for a jury trial in superior court is taken,* appeal therefrom to the supreme court at the time the sentence is declared or within 30 days after the sentence is declared. The supreme court's review shall be limited to questions of law.

RSA 502-A:12 (emphasis added). RSA 599:1, in turn, provides, in part:

A person convicted by a district court of a class A misdemeanor, at the time the sentence is declared, may appeal therefrom to obtain a *de novo* jury trial in the superior court, which shall hear the appeal . . . . If, after a jury trial in the superior court, the defendant is found guilty, the superior court shall sentence the defendant, and the defendant may appeal questions of law arising therefrom to the supreme court. In the event the defendant waives the right to a jury trial after the case has been appealed, the superior court shall forthwith remand the case to the district court for imposition of the sentence originally imposed by the district court, and the defendant may appeal questions of law arising therefrom to the supreme court.

RSA 599:1.

By its plain language, RSA 502-A:12 permits a person convicted in district (now circuit) court of a class A misdemeanor to appeal directly to this court "if no appeal for a jury trial in superior court is taken." RSA 502-A:12. It does not allow a defendant to pursue both avenues of appeal, either simultaneously or consecutively. Accordingly, the statute requires a defendant to choose between appealing to superior court for a *de novo* jury trial or to this court for the resolution of questions of law. If the defendant chooses a *de novo* jury trial and is again convicted, he may then appeal that subsequent conviction to this court. *See* RSA 599:1.

The defendant argues that he could not know that he was properly convicted of a class A misdemeanor until he appealed the enhanced penalty issue to this court and that "RSA 502-A:12 never contemplated such a dilemma." His argument rests upon the premise that if the trial court had erred in using prior convictions not proved at trial to enhance his sentence — a contention we rejected in *Thompson, see Thompson,* 164 N.H. at 451 — he would have been convicted of a class B, rather than class A, misdemeanor and, therefore, would not have been entitled to a jury trial. *See State v. Foote,* 149 N.H. 323, 324 (2003) (noting that "[a]s a matter of law, [a] defendant is not entitled to a jury trial on a class B misdemeanor");

*see also* RSA 599:1-c (2001) (person sentenced by district court for violation or class B misdemeanor may appeal to supreme court). He argues that he could not "know whether he was properly convicted in the [trial court] of a Class A or a Class B misdemeanor" until he obtained a ruling from this court, and that until we rendered our decision in *Thompson,* he "did not believe any appeal to the Superior Court was either advisable or even possible." He asserts that "[i]n order to fully define his options . . . [he] had to appeal to this Court to interpret the DWI statute . . . to determine whether he had been convicted of an offense for which a jury trial was necessary and available."

■ The defendant's statutory argument is unavailing. Both RSA 502-A:12, II and RSA 599:1 permit a defendant to appeal a class A misdemeanor "at the time the sentence is declared," or within a limited time thereafter. At the time the defendant's sentence was declared by the trial court, he had been unambiguously convicted of a class A misdemeanor. That the defendant believed that classification was erroneous and intended to challenge it does not alter the conviction's validity *at that time* for purposes of determining the available avenues of appellate review. "[U]nless and until [a defendant's] conviction is overturned, it is deemed valid . . . ." *Stewart v. Bader,* 154 N.H. 75, 85 (2006) (noting that a conviction is entitled to preclusive effect under collateral estoppel doctrine unless and until over-turned); *cf. United States v. Coleman,* 458 F.3d 453, 457 n.1 (6th Cir. 2006) (noting that "criminal convictions remain valid and in force pending appeal, unless the district court rules otherwise"). It would fly in the face of the rule treating convictions as valid until overturned to allow a defendant to bypass the clear statutory procedure for appeals based upon his belief that the trial court erred. *Cf. Hansen v. State,* 824 P.2d 1384, 1389 (Alaska Ct. App. 1992) (opining that "[w]hen a defendant's conviction is on appeal, it appears to us unreasonable for that defendant to assume that the conviction is somehow invalid and that he is not a convicted felon for purposes of" statute prohibiting felon from possessing concealable firearm).

We now turn to the defendant's constitutional argument. Specifically, he contends that by choosing a direct appeal to this court, he did not waive his right to a jury trial, as guaranteed by Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution. We first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. *State v. Ball,* 124 N.H. 226, 231-33 (1983).

■ It is undisputed that the defendant was entitled to a jury trial. *See Opinion of the Justices (DWI Jury Trials),* 135 N.H. 538, 541-42 (1992) (noting that Part I, Article 15 of the State Constitution "guarantees . . . the

right to trial by jury either in the first instance or on appeal to the superior court . . . to all criminal defendants facing the possibility of incarceration"); RSA 265-A:18, IV (b)(2) (outlining terms of mandatory incarceration for a third DWI offense). "The constitutional right to trial by jury is one of central and fundamental importance, and courts do not presume acquiescence in the waiver of such a right." *Foote*, 149 N.H. at 325 (quotation and citation omitted).

■ The defendant contends that "[t]he facts and circumstances of this case do not support a valid waiver of [his] right to a jury trial" because "it cannot be fairly argued that he intentionally, voluntarily, knowingly and intelligently waived his right to [a] jury trial in Superior Court." "Whether the facts support a valid waiver is a question of law which we review *de novo*." *Id.* There is, however, "no set formula by which to validate a waiver of a jury trial." *Id.* at 327.

■ We have stated generally that "when waiving a constitutional right, one must do so voluntarily, knowingly, and intelligently with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 325 (quotation and brackets omitted). The defendant also argues, citing, among other cases, *State v. Hewitt*, 128 N.H. 557 (1986), that "[w]here a defendant is silent as to his intent to waive a jury trial, a court must hold some colloquy to assure that he has a full understanding of that waiver." *But see Foote*, 149 N.H. at 325 (noting that "the trial court is not always required to conduct a colloquy to establish a valid waiver unless the waiver is tantamount to a guilty plea" and explaining that a colloquy is required in the latter case "because the defendant forfeits not only the right to trial by jury, but also the right to confront accusers as well as the right against self-incrimination"). He represents that no colloquy was held in this case.

In *State v. Bousquet*, 133 N.H. 485 (1990), we found *Hewitt* not controlling in light of factual differences, the principal one being that *Bousquet*, unlike *Hewitt*, involved an appeal in our two-tier criminal system. *Bousquet*, 133 N.H. at 489. In *Bousquet*, the defendant had appealed his district court misdemeanor convictions to superior court for a *de novo* jury trial but twice failed to appear at the time scheduled for trial. *Id.* at 486. The superior court remanded the case for imposition of the defendant's sentences. *Id.* at 487. On appeal to this court, the defendant argued that his failure to appear for trial did not constitute a valid waiver of his right to a jury trial, and asserted that, under *Hewitt*, he could "only waive his State constitutional right to a jury trial with a personal waiver which indicates his understanding of this right." *Id.* at 489. We disagreed, holding that "the defendant failed to prosecute his appeal within the meaning of RSA 599:3, and can reasonably be deemed to have waived his

right to a trial by jury." *Id.* at 492. Accordingly, we held that "the superior court's denial of the defendant's motion to reinstate his appeals [from district court to superior court for a *de novo* jury trial] did not unconstitutionally infringe upon" his right to a jury trial under Part I, Article 15 of the New Hampshire Constitution. *Id.*

In *Bousquet*, by holding that the defendant could "reasonably *be deemed to have waived* his right to a trial by jury," *id.* (emphasis added), we recognized that in cases such as this, "the issue [is] not 'waiver' in the sense of voluntary relinquishment of a known right, but 'deemed waiver,'" *Preston v. Seay*, 541 F. Supp. 898, 899 (D. Mass. 1981), *aff'd*, 684 F.2d 172 (1st Cir. 1982). In other words, RSA 502-A:12 dictates that by taking a direct appeal from a class A misdemeanor conviction to this court, a defendant must forego an appeal to superior court for a *de novo* trial to a jury; thus, he is deemed to have waived his right to a jury trial. *Cf. Preston*, 541 F. Supp. at 900 (recognizing "Massachusetts' doctrine that 'solid default' of appearance constitutes a 'deemed waiver' of the right to jury trial"). The task before us is to determine whether that deemed waiver violates the defendant's constitutional right to a jury trial.

In *Bousquet*, we explicitly noted that our interpretation of Part I, Article 15 was "guided by the reasoning of *Preston v. Seay*," *Bousquet*, 133 N.H. at 491, which involved Massachusetts's then-existing two-tier criminal system, *see Preston*, 541 F. Supp. at 899; *see also* Mass. Gen. Laws Ann. ch. 278, § 18 (1981) (amended 1993, 1996). That system, we noted, was similar to our own. *Bousquet*, 133 N.H. at 488. In addition, the issue in *Preston* was on all fours with the issue in *Bousquet*; namely, whether "Massachusetts act[ed] within constitutionally permissible limits in declaring that [the] petitioner lost his right to jury trial because he inexcusably failed to appear as directed" for his *de novo* jury trial in Massachusetts's two-tier system. *Preston*, 541 F. Supp. at 899. Here, the asserted deemed waiver is not a default but an affirmative election. Nevertheless, we again find *Preston* instructive. The petitioner in *Preston* sought to justify his absence at the time his case was called for trial "on the ground that he and his counsel understood that the case was set for pretrial conference and not for trial on that date." *Id.* He argued, therefore, that the Commonwealth failed to show "that he made a knowing and intelligent waiver of jury trial." *Id.* The defendant in this case similarly contends that the facts here do not show an intentional, voluntary, knowing, and intelligent waiver because he never "indicated in any way that he intended to waive or believed he was waiving his right to [a] jury trial," but rather made an "unequivocal and uncontested assertion of his intent to exercise" that right. Specifically, in his assented-to motion to remand his appeal from the superior to the trial court, the

defendant stated that he sought the remand "without prejudice to appeal to [the superior court] pursuant to RSA 599:1 should the [supreme court] deny his appeal and affirm the [trial court's] rulings, conviction, and sentence."

Even assuming that the defendant did not subjectively intend to waive his right to a jury trial, we find his deemed waiver to be constitutionally valid. In upholding the deemed waiver in *Preston*, the court noted the following:

> Massachusetts' doctrine that "solid default" of appearance constitutes a "deemed waiver" of the right to jury trial . . . is explicitly reasoned on the ground that "waiver" may be held to have occurred even though it is not found that defendant had a state of mind, or by his actions manifested to others that he had a state of mind, of being willing to give up his right to jury trial. . . .
>
> . . . .
>
> . . . [U]nder Massachusetts law, a defendant may lose the right to jury trial because of a deemed waiver incident to a "solid default" of appearance, whether or not the defendant understood his right to jury trial and meant to, or manifested that he meant to, give up that right.

*Id.* at 900-01.

■ Underlying the *Preston* court's reasoning in giving effect to the deemed waiver is the recognition that states may, within limits, regulate the manner of exercising the right to trial by jury. *See id.* at 901 ("[A] state may impose reasonable regulations on the exercise of even the most precious rights."). Thus, the United States Supreme Court, in an opinion upholding Massachusetts's two-tiered criminal system, held: "The modes of exercising federal constitutional rights have traditionally been left, within limits, to state specification. In this case, Massachusetts absolutely guarantees trial by jury to persons accused of serious crimes, and the manner it has specified for exercising this right is fair and not unduly burdensome." *Ludwig v. Massachusetts*, 427 U.S. 618, 630 (1976). Similarly, the Supreme Judicial Court of Massachusetts long ago rejected the contention that a default based upon a failure to comply with the statutory procedure for appealing a conviction to the superior court for a *de novo* jury trial violates the Massachusetts Constitution:

> [The statute] gives any person convicted before a justice of the peace or police court the right to appeal to the superior court and to have a trial by jury, and makes regulations which are reason-

> able and necessary as to the mode in which he may enter and prosecute his appeal. If he neglects so to enter and prosecute his appeal, he waives his right of a trial by jury, and the provision . . . that he may thereupon be defaulted and sentenced, is not unconstitutional.

*Commonwealth v. Whitney*, 108 Mass. 5, 6-7 (1871) (citation omitted); *see Com. v. Francis*, 374 N.E.2d 1207, 1212 (Mass. 1978) (holding, following *Whitney*, that defendant was deemed to have waived right to a *de novo* jury trial where failure to appear at *de novo* trial "was due to his own neglect in not informing the clerk's office of his change of address").

Also informing the court's decision in *Preston*, and our decision in *Bousquet*, was the United States Supreme Court's dismissal of appeals from the decisions in *Francis* and *Commonwealth v. O'Clair*, 374 N.E.2d 1212 (1978) (following *Francis* on deemed waiver issue), "for want of a substantial federal question," *Francis v. Massachusetts*, 439 U.S. 805 (1978); *O'Clair v. Massachusetts*, 439 U.S. 805 (1978). *See Bousquet*, 133 N.H. at 490; *Preston*, 541 F. Supp. at 902. Thus, in *Bousquet*, we held that "*Francis* and *O'Clair*, and the dismissal of their appeals by the Supreme Court, will control the decision here unless a new doctrinal development has arisen since these dismissals that mandates a different result." *Bousquet*, 133 N.H. at 491. We note that the defendant here has cited no such new doctrinal development.

 With the foregoing in mind, we reiterate that RSA 502-A:12 "absolutely guarantees trial by jury to persons" convicted in circuit court of a class A misdemeanor, and dictates, as "the manner . . . specified for exercising this right" that the defendant may not *also* — either prior to, concurrently, or after his appeal to superior court — appeal that same circuit court conviction to this court. *Ludwig*, 427 U.S. at 630. In essence, RSA 502-A:12 limits a defendant to one bite at the apple. Should he choose the *de novo* jury trial in superior court and again be convicted there, he may of course appeal *that* conviction to this court. RSA 599:1. We conclude that this procedure "acts as a reasonable regulation on the exercise of the right to a jury trial," *Bousquet*, 133 N.H. at 492, and is "fair and not unduly burdensome." *Ludwig*, 427 U.S. at 630. We further conclude that application of this procedure to the defendant in this case, resulting in the deemed waiver of his right to a jury trial, does not offend our State Constitution. Because the State Constitution provides the defendant at least as much protection as the Federal Constitution under these circumstances, *see Bousquet*, 133 N.H. at 491-92; *Ludwig*, 427 U.S. at 630; *Preston*, 541 F. Supp. at 901, 904, we reach the same result under the Federal Constitution as we do under the State Constitution.

Having reached this conclusion, we find unavailing the defendant's contention that he could not have resolved the issue of whether he was properly convicted of a class A or class B misdemeanor by appeal to the superior court because that appeal would have vacated his conviction completely. *See State v. Green*, 105 N.H. 260, 261 (1964) (noting that appeal of a conviction under RSA 599:1 has the effect of "vacat[ing] that judgment and transfer[ring] the whole proceeding to the Superior Court, there to be tried de novo on the original complaint, unless amended or on an information substituted for the original complaint"). Even assuming the defendant is correct, his contention merely highlights that he was put to the choice of appealing the classification of the conviction or trying the case anew, presumably in an attempt to gain an acquittal. As we herein hold, that choice does not violate the defendant's constitutional rights to a jury trial.

Finally, the defendant presents the question as to whether, even if he waived his right to a jury trial, that waiver was the result of "honest mistake, accident, or misfortune" and, therefore, justice requires, "under the peculiar circumstances of this case," that he be allowed an appeal for a *de novo* jury trial in the superior court pursuant to RSA 599:1-b. *See* RSA 599:1-b (2001). That statute provides:

> Any person aggrieved by a decision of a district or municipal court who was prevented from appealing therefrom, as provided in RSA 599:1 . . . , through mistake, accident or misfortune, and not from his own neglect, may petition the superior court at any time within 30 days from the time the sentence is declared, to be allowed an appeal, setting forth his interest, his reason for appealing and the cause of his delay. The court may make such order thereon as justice may require.

*Id.* The defendant argues that the superior court unsustainably exercised its discretion in denying his petition to allow a misdemeanor appeal without first holding a hearing. He contends that "[t]he record certainly contains no support for the Superior Court's decision that [he] made an affirmative choice to forgo his right to jury trial," and that "[a] hearing on that issue would have made it clear that this was not the case."

■■ ■■ "We will not disturb an order denying a request for an evidentiary hearing unless a party establishes that it was clearly untenable or unreasonable to the prejudice of the party's case." *State v. McGurk*, 163 N.H. 584, 587 (2012). The defendant cannot make such a showing. Because we have found his deemed waiver to be constitutionally valid as a matter of law — even assuming that he did not subjectively intend to waive his right to a jury trial — the superior court's failure to hold a hearing, and its denial

of the defendant's RSA 599:1-b petition, does not constitute error. We find no unsustainable exercise of discretion.

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.