# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0180, <u>State of New Hampshire v. Joyce LaFrance</u>, the court on December 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Joyce LaFrance, appeals an order of the Superior Court (<u>Schulman</u>, J.) denying her motion to dismiss charges against her for lack of a speedy trial in an earlier circuit court prosecution, under the New Hampshire and Federal Constitutions. She contends that the superior court erred by: (1) attributing certain delays to her that she claims should have been attributed to the State; (2) failing to find that she asserted her right to a speedy trial when she claimed she did; (3) finding that she suffered no trial prejudice; and (4) "overweight[ing] the need for [her] to show significant trial prejudice given the length of the delay." We assume, without deciding, that her arguments are preserved.

At the outset, we note that, when a defendant exercises her unique right to a <u>de novo</u> trial in superior court, the effect is to "vacate[ ] [the circuit court] conviction completely." <u>State v. Thompson</u>, 165 N.H. 779, 789 (2013); <u>State v. Guy</u>, 140 N.H. 453, 455 (1995) (stating that effect of such an appeal is to "vacate that judgment and transfer the whole proceeding to the Superior Court, there to be tried <u>de novo</u>" (quotation omitted)). A defendant convicted of a Class A misdemeanor in circuit court, thus, has the right <u>either</u> to appeal that conviction to us <u>or</u> to seek a <u>de novo</u> trial in the superior court, <u>see</u> RSA 599:1 (Supp. 2017), after which the defendant may appeal the superior court judgment to us. <u>Thompson</u>, 165 N.H. at 783. She may not do both. <u>See</u> <u>id</u>.; <u>but see</u> <u>State v. Langone</u>, 127 N.H. 49, 54 (1985) (finding, after defendant was convicted in <u>de novo</u> trial in superior court, that he had been denied speedy trial in district court).

In this case, we will assume, without deciding, that the defendant did not effectively waive her challenge to the purported speedy trial violation that allegedly occurred in the now vacated circuit court action by exercising her right to a <u>de novo</u> trial in superior court. Thus, we review the superior court's decision including the time elapsed in both circuit and superior courts.

As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**