# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0310, <u>State of New Hampshire v. Destin Stewart</u>, the court on September 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Destin Stewart, appeals the order of the Superior Court (<u>Delker</u>, J.) on his motion to reallocate pretrial confinement credit, arguing that the trial court's allocation deprived him of an opportunity to seek release on parole.

The record shows that in 2015 the defendant entered into a plea agreement in which he received a negotiated sentence of one to three years on a charge of second degree assault and three to seven years, suspended for three years, on a charge of criminal restraint. At the plea and sentencing hearing, the State informed the trial court that the defendant's three years of pretrial confinement credit would be allocated to the second degree assault charge, so that he would be released immediately.

In 2018, after the defendant was arrested for assault and criminal mischief, the State moved to impose the suspended sentence on the criminal restraint charge. The defendant moved to amend the 2015 pretrial credit allocation. The defendant sought to have one year, rather than three years, allocated to the second degree assault sentence, and to have the remaining two years allocated to the criminal restraint sentence. The trial court denied the defendant's motion, concluding that the allocation was part of the negotiated agreement, which contemplated his immediate release.

The defendant argues that he was deprived of his right to due process under the State Constitution because, he asserts, the record fails to show that he knowingly, intelligently, and voluntarily waived the opportunity to seek release on parole after serving one year on the second degree assault sentence. "[W]hen waiving a constitutional right, one must do so voluntarily, knowingly, and intelligently with sufficient awareness of the relevant circumstances and likely consequences." <u>State v. Foote</u>, 149 N.H. 323, 325 (2003) (quotation omitted). However, release on parole is granted at the discretion of the parole board after a finding that the inmate is reasonably likely to be of good behavior upon release. <u>See</u> RSA 651–A:6, I(a) (2016). Thus, a defendant's interest in parole eligibility is not a liberty interest sufficient to form the basis of a due process claim. <u>Baker v. Cunningham</u>, 128 N.H. 374, 380-81 (1986). Moreover, in a collateral attack on a guilty plea, "a defendant's claim of an inadequate

record . . . is not, without more, sufficient to trigger review, and proof of a silent record, alone, is insufficient to require reversal." State v. Arsenault, 153 N.H 413, 416 (2006). Rather, "the defendant must describe the specific manner in which the waiver was in fact involuntary or without understanding." Id. (brackets and quotation omitted). In this case, the defendant has failed to make the necessary showing.

The record shows that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea. The defendant's waiver of parole eligibility on the second degree assault sentence was a collateral consequence of his guilty plea. See State v. Sharkey, 155 N.H. 638, 641-43 (2007). The trial court was not required to advise the defendant of the collateral consequences of his guilty plea. State v. Ortiz, 163 N.H. 506, 510 (2012).

"Whether the facts support a valid waiver is a question of law," which we review de novo. State v. Foote, 149 N.H. at 325. The record supports the trial court's finding that, by entering into the negotiated plea and sentence, the defendant expected to be released immediately, without parole restrictions. The only way to accomplish this objective was to allocate three years of pretrial credit to the second degree assault conviction. Otherwise, the defendant would have remained in prison until a parole hearing could be held. The record supports the trial court's finding that the defendant's continued incarceration would have been inconsistent with the parties' negotiated agreement. We conclude that the record is sufficient to show that the defendant voluntarily, knowingly, and intelligently waived his right to seek parole on the second degree assault sentence. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2