**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thedral R. HARDRIDGE,**
**Defendant–Appellant.**

No. 03–3186.

United States Court of Appeals,
Tenth Circuit.

Aug. 29, 2005.

Rent I. Anderson, Office of the United States Attorney, Wichita, KS, for Plaintiff–Appellee.

Raymond P. Moore, Fed. Public Defender, Vicki Mandell–King, Asst. F.P. Defender, Office of the Federal Public Defender, District of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

Thedral R. Hardridge, Springfield, MO, pro se.

Before HARTZ, McWILLIAMS, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT*

HARTZ, Circuit Judge.

Defendant Thedral R. Hardridge was convicted on three counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and two counts of knowingly making a false statement (that he had no prior felony convictions) in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). In a prior opinion we affirmed his convictions. *United States v. Hardridge*, 379 F.3d 1188 (10th Cir.2004). After briefing and oral argument were completed but before the court's opinion was filed, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We denied Defendant's motion to withdraw the opinion, but granted the motion to extend the time to file a petition for rehearing and allowed Defendant to raise his *Blakely* claim in the petition. *Blakely* was followed by *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and on June 15, 2005, we ordered supplemental briefing addressing *Booker's* applicability to this appeal. We now grant a limited petition for rehearing to consider Defendant's *Booker* claim and affirm.

The facts are recited in our prior opinion and will be restated only in relevant part. At a bench trial the district court found Defendant guilty of being a felon in possession of three particular firearms. *Hardridge*, 379 F.3d at 1191. The district court also found Defendant guilty of two counts of knowingly making false statements in connection with the purchase of the firearms. *Id.* At sentencing, however, the district court adopted the presentence report's (PSR) recommendation that De-

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

748

fendant's base offense level be increased four levels because he possessed 11 firearms. *See* United States Sentencing Guidelines (USSG) § 2K2.1(b)(1)(B). Defendant's total offense level of 26 and criminal history category III yielded a sentencing range of 78 to 97 months. The district court found that a sentence of 88 months' imprisonment "would address the sentencing objectives required by statute." R. Vol. III at 12. Defendant now argues that his 88–month sentence violates *Booker.*

Defendant argues that the four-level enhancement is constitutional *Booker* error because it was based on facts found by a judge only by a preponderance of the evidence. He also contends that the district court committed nonconstitutional *Booker* error because it treated the guidelines as mandatory. The government asserts that "[n]o constitutional *Booker* error occurred in this case because the defendant waived his right to a trial by jury." Aplee. Supp. Br. at 2.

■ We agree with Defendant that he suffered constitutional as well as nonconstitutional *Booker* error. The government's argument must rest on the assumption that by waiving his right to a jury trial, Defendant also waived his right to have the facts underlying his conviction and sentence proved beyond a reasonable doubt. In other words, it assumes that the two rights are not severable so that waiver of one automatically waives the other. But the assumption is plainly incorrect. The right to have facts proved beyond a reasonable doubt is dictated by the Due Process Clause of the Fifth Amendment. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The jury-trial right rests on the Sixth Amendment. U.S. CONST. amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ...."). Each right has a distinct constitutional pedigree and waiver of one cannot be construed as waiver of the other. *See Henderson v. Morgan,* 426 U.S. 637, 650, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (White, J. concurring) ("It should hardly need saying that a judgment of conviction cannot be entered against a defendant no matter how strong the evidence is against him, unless that evidence has been presented to a jury (or a judge, if a jury is waived) and unless the jury (or judge) finds from that evidence that the defendant's guilty has been proved beyond a reasonable doubt.").

*Booker* discussed both rights:

It has been settled throughout our history that [1] the Constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. It is equally clear that [2] the Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged.

*Booker,* 125 S.Ct. at 748 (internal quotation marks and citation omitted). Summarizing its constitutional holding, the Court wrote:

Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury *beyond a reasonable doubt.*

*Booker,* 125 S.Ct. at 756 (emphasis added). Post-*Booker,* facts (other than prior convictions) necessary to enhance *mandatorily* a sentence must be found beyond a reasonable doubt, whether the fact-finder is a jury or a judge at a bench trial.

In this case the district court found beyond a reasonable doubt that Defendant

possessed at least three firearms in violation of § 922(g). Nothing in the record indicates that it found beyond a reasonable doubt that Defendant possessed more than those three. He was sentenced based on possession of 8 to 24 firearms. The finding that he possessed at least five additional firearms mandated a four-level increase in his base offense level, thereby raising the applicable sentencing range from (1) 51 to 63 months to (2) 78 to 97 months. The mandatory increase of a sentence based on facts found only by a preponderance of the evidence is constitutional *Booker* error.

■ Because Defendant raises *Booker* for the first time on appeal, we review for plain error. *United States v. Gonzalez–Huerta,* 403 F.3d 727, 732 (10th Cir.2005) (en banc). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). The government does not challenge the first two prongs with respect to the nonconstitutional error; and the above discussion establishes them for the constitutional error. That leaves only prongs three and four in question. But we need not determine whether the error affected substantial rights if it did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736. We conduct plain-error review " 'less rigidly when reviewing a potential constitutional error.' " *United States v. Hauk,* 412 F.3d 1179, 1194 (10th Cir.2005) (quoting *United States v. Dazey,* 403 F.3d 1147, 1174 (10th Cir.2005)).

We have identified several nonexclusive factors relevant to determining whether it is appropriate to exercise our discretion and reverse because of a constitutional *Booker* error. They include (1) whether the defendant challenged the factual basis of the judicial finding that increased his sentence, *Hauk,* 412 F.3d at 1197; (2) the difference between the sentence based on judge-found facts and one based on facts admitted or found by a jury, *id.*; (3) the strength or weakness of the evidence supporting the sentence imposed, *United States v. Lauder,* 409 F.3d 1254, 1269 (10th Cir.2005); (4) whether "objective consideration" of the sentencing factors in 18 U.S.C. § 3553(a) suggests that a departure from the Guidelines is appropriate, *id.*; and (5) whether other evidence specific to the defendant's case "demonstrates a complete breakdown in the sentencing process," *id.* (internal quotation marks omitted). But the key consideration in many of our cases is "[w]hether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if [the case] were returned to the district court for discretionary sentence." *United States v. Lawrence,* 405 F.3d 888, 907 (10th Cir.2005) (internal quotation marks omitted).

In Defendant's favor is the substantial difference—25 months—between the sentence imposed and the maximum sentence under the guidelines based solely on the district court's findings beyond a reasonable doubt. Defendant also claims that "the evidence did not overwhelmingly support the firearms enhancement," Aplt. Supp. Br. at 14, although he admits that the evidence was uncontroverted at trial. Finally, Defendant asserts that objective consideration of § 3553(a)'s sentencing factors warrant a departure from the guidelines and the sentence imposed reflects a breakdown of the sentencing factors. To support his claim that departure is appropriate, Defendant cites many facts and arguments that he presented to the district court in his motion for downward depar-

ture. He also claims that the district court acknowledged that Defendant believed that he could legally possess firearms.

But the district court heard and rejected all Defendant's arguments when it denied the motion for downward departure. It recognized several times that it had authority to depart but found no adequate grounds. The court instead imposed a sentence of 88 months, the middle of the guidelines range. Defendant's case is essentially indistinguishable from *Lawrence*. Here, as in *Lawrence*, "[n]othing would have prevented the district court from considering counsel's arguments regarding the relative severity of the ... sentence in fashioning a sentence *within* the Guidelines range." *Lawrence*, 405 F.3d at 908. And, as in *Lawrence*, the court here imposed a sentence above the guidelines minimum after rejecting arguments for a lower sentence, thus "strongly indicat[ing] that the court felt that there were no mitigating factors that would justify a lower sentence in this case." *Id.* Defendant has not demonstrated that the district court's constitutional or nonconstitutional error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

The sentence is AFFIRMED.